_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:16-CR- 00323 |
| Plaintiff, | : | ORDER ON SPEEDY TRIAL ACT |
| v. | : | |
| William Keebler, | : | |
| Defendant. | : | |
| | : | |

_____

The Court held a status hearing on July 29, 2016. During the hearing, the Court heard evidence on the volume of discovery and the manner in which discovery will be produced to the defense. The Court also heard evidence regarding the complexity of the instant case. Due to the volume of evidence, the complexity of the matter, and the fact that the defendant is in custody, the Court ordered the United States to present a roadmap of its case-in-chief in order to assist the defense in expeditiously preparing for trial in this matter. The Court then scheduled another status conference on this matter for August 26, 2016 and ordered that pursuant to 18 U.S.C. §§ 3161(h)(1) (7)(A), (B)(i) and (B)(ii), that all time between the July 29,

1

2016 and August 26, 2016 shall be excluded from computation of time under the Speedy Trial Act.

The Court found that such time is excluded from computation under the terms of the Speedy Trial Act, and found further that the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial. In reaching this legal conclusion, the Court considered the complexity of the case and the volume of discovery which includes months of video and audio surveillance and FBI written reports. Given the complexity of the case, and the volume of discovery materials, it would be unreasonable to expect adequate trial preparation within the time limits established by the Speedy Trial Act. Failure to exclude speedy trial time would preclude effective preparation and due diligence on the part of counsel.

Dated this 26th day of August, 2016.

BY THE COURT:

_____
PAUL M. WARNER
U.S. Magistrate Judge