JOHN W. HUBER, United States Attorney (#7226)
ANDREW CHOATE, Assistant U.S. Attorney (#13615)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah   84111
Telephone:   (801) 524-5682
_____

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:16-CR- 00323 DS |
| Plaintiff, | : | THIRD ORDER ON SPEEDY TRIAL ACT |
| v. | : | |
| William Keebler, | : | JUDGE PAUL WARNER |
| Defendant. | : | |
| | : | |

_____

The Court held a status hearing on this matter on November 30, 2016. The defendant was present with his counsel and counsel from the United States was also present. During the hearing, the United States confirmed it will have produced roughly 99% of the discovery in the case, including a 1.7 terabyte hard drive, to the defense by this week. The Court heard further evidence on the volume and the complexity of the instant case as stated again by defense counsel. The defense

indicated that due to the volume of evidence and the complexity of the matter, the defense would need another 90 days in order to complete its preliminary review of the matter. The defense indicated that it was working on this matter earnestly and that the extension of time was needed in order to exercise due diligence in their representation of the defendant, as every video and audio file needed to be listened to. Additionally, the defense waived their Speedy Trial rights in order to have the opportunity to exercise due diligence in this matter and no objection was heard from the defendant, who was present at counsel table. The United States agreed with the defense regarding their assessment of the volume of the evidence and the time that it would take for the defense to review the evidence in this matter.

     The Court ordered that the next status conference be heard on March 1, 2017. The Court further ordered that pursuant to 18 U.S.C. §§ 3161(h)(1) (7)(A), (B)(i) and (B)(ii), that all time between November 30, 2016, and March 1, 2017, shall be excluded from computation of time under the Speedy Trial Act.

     The Court found that such time is excluded from computation under the terms of the Speedy Trial Act, and that the ends of justice served by the delay outweigh the best interests of the public and the defendant in a speedy trial. In reaching this legal conclusion, the Court considered the complexity of the case and the volume of

discovery which includes months of video and audio surveillance and FBI written reports. Given the complexity of the case, and the volume of discovery materials, the Court found it would be unreasonable to expect adequate trial preparation within the time limits established by the Speedy Trial Act and that failure to exclude speedy trial time would preclude effective preparation and due diligence on the part of counsel and would likely result in a miscarriage of justice.

Dated this 1st day of December, 2016.

BY THE COURT:

_____
PAUL M. WARNER
U.S. MAGISTRATE JUDGE